# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CR-4057-BCW-1 |
| | ) | |
| HARRISON COOPER STRETZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO REVOKE BOND

On December 16, 2019, a pretrial revocation hearing was held to discuss the pretrial services violation report submitted to the Court on Defendant Harrison Cooper Stretz. (Doc. 33). Defendant appeared in person and was represented by counsel, Troy Stabenow, who also appeared in person. Assistant United States Attorney Ashley Turner appeared in person on behalf of the Government.

Based on the evidence presented by the parties, the Court finds there is clear and convincing evidence that Mr. Stretz has violated conditions 7(p) and 7(q) of the Order Setting Conditions of Release.

These conditions require Mr. Stretz to comply with a program of home detention and submit to location monitoring. On November 25, 2019 and November 29, 2019, Mr. Stretz reported he would be leaving work to attend counseling appointments at 2:30 p.m. on November 27, 2019 and December 3, 2019 respectively. Subsequently, the pretrial services officer requested an email address for Mr. Stretz's counselor in order to verify his attendance. After he failed to provide the requested contact information, the officer contacted Mr. Stretz at his home. Mr. Stretz claimed the request slipped his mind.

On December 10, 2019, Mr. Stretz confirmed to the pretrial services officer that his appointments were with a Ms. O'Brian. However, when the officer contacted Mr. Stretz's counseling center, she learned Ms. O'Brian had not worked there since October 2019. During a subsequent phone conversation, Mr. Stretz admitted he lied about having counseling appointments on November 27, 2019 and December 3, 2019. Mr. Stretz further disclosed that he had not

attended counseling since September 2019.  When asked about his whereabouts, Mr. Stretz denied going anywhere other than home and work.  While Mr. Stretz acknowledged he should have contacted his pretrial services officer, he claimed it kept "slipping my mind."  Moreover, the instant pretrial services report constitutes the third violation report based on Mr. Blaise's failure to comply with location monitoring and home detention.

The Court finds the actions of Defendant, which violated the conditions of his release, show his is unlikely to further abide by a condition or combination of conditions of release.  Accordingly,

IT IS ORDERED that Defendant Harrison Cooper Stretz's bond is revoked, pursuant to 18 U.S.C. § 3148, for violation of his conditions of release.  It is further

ORDERED that Defendant Harrison Cooper Stretz is detained, pursuant to 18 U.S.C. § 3142.  It is further

ORDERED that, pursuant to 18 U.S.C. § 3142(i), Defendant Harrison Cooper Stretz be committed to the custody of the Attorney General for confinement in a pretrial detention facility.  Defendant must be afforded reasonable opportunity to consult privately with defense counsel.  On Order of this Court or on request of an attorney for the Government, the person in charge of the pretrial detention facility must deliver the defendant to the United States Marshal for all court appearances.

Dated this 16th day of December, 2019, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge